IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARQUIS JONES, #246881, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:11-CV-478-TMH |
| ) | [WO] |
| ) | |
| KIM THOMAS, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Marquis Jones ["Jones"], an indigent inmate currently incarcerated at the Draper Correctional Facility. In this complaint, Jones challenges actions of correctional officials with respect to his classification level. *Complaint - Doc. No. 1* at 3. Jones names Kim Thomas, Jeffrey Williams, Willie Thomas, Phillis Billups, L.C. Jackson and Kathy Holt, all employees of the Alabama Department of Corrections, as defendants in this cause of action. Jones seeks injunctive relief and monetary damages from the defendants. *Id*. at 4.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

---

[1] The court granted Jones leave to proceed *in forma pauperis* in this cause of action (Doc. No. 3). Thus, the complaint is subject to screening under the provisions of 28 U.S.C. § 1915(e)(2)(B) which directs this court to dismiss the instant civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II.  DISCUSSION

Jones alleges that the defendants have denied him equal protection by removing other inmates with similar offenses from restricted offender status while his requests for this favorable treatment have been denied. *Doc. No. 1* at 3.[2] For the reasons which follow, this claim entitles Jones to no relief.

"Despite the tendency of all rights 'to declare themselves absolute to their logical extreme,' there are obviously limits beyond which the equal protection analysis may not be pressed... . The Fourteenth Amendment 'does not require absolute equality or precisely equal advantages,'... nor does it require the State to 'equalize [prison] conditions.'" *Ross v. Moffitt*, 417 U.S. 600, 611-612 (1974); *Hammond v. Auburn University*, 669 F.Supp. 1555, 1563 (M.D. Ala. 1987) ("The Equal Protection Clause of the Fourteenth Amendment does not require all persons to be treated either identically or equally.").  In order to present a claim of discrimination cognizable under the Equal Protection Clause, "a prisoner must [at a minimum] demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis.

---

[2]The court provided Jones the opportunity to amend the complaint to explain the constitutionally impermissible basis underlying his "conclusory allegation of 'purposeful[] discrimination'" by "identify[ing] the 'specific group' of which he is a member and against whom the defendants took adverse treatment." *Order of January 27, 2012 - Doc. No. 4*.  Despite this opportunity, Jones failed to file an amendment to the complaint. Thus, this case is before the court on the claim as set forth in the complaint.

*Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001); *Damiano v. Florida Parole and Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986)." *Sweet v. Secretary, Department of Corrections*, 467 F.3d 1311, 1318-1319 (11th Cir. 2006). "[O]fficial action will not be held unconstitutional solely because it results in a ... disproportionate impact.... Proof of ... discriminatory intent or purpose is required to show a violation of the Equal Protection Clause." *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 264-265 (1977). "'Discriminatory purpose' ... implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker ... selected ... a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Personnel Administrator of Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991). In a case such as this one, where the plaintiff challenges actions of correctional officials, an inmate's conclusory allegations are insufficient as exceptionally clear proof of discrimination is required. *Fuller v. Georgia Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988). Moreover, mere differential treatment of similarly situated inmates, without more, fails to allege a violation of the Equal Protection Clause. *Sweet*, 467 F.3d at 319; *E & T Realty Company v. Strickland*, 830 F.2d 1107 (11th Cir. 1987), *cert. denied*, 485 U.S. 961 (1988); *McKleskey v. Kemp*, 481 U.S. 279, 292 (1987) (claims of mere disparity of treatment or even arbitrary administration of state power are

insufficient to establish discrimination violative of equal protection).

As the sole basis for his equal protection claim, Jones relies exclusively on the fact that he remains a restricted offender while other inmates with alleged similar offenses have been removed from restricted offender status. This claim provides no basis for relief "because [Jones] has not alleged ... that he was treated differently on account of some form of *invidious discrimination* tied to a constitutionally protected interest." *Sweet*, 467 F.3d at 1319 (emphasis in original); *Snowden v. Hughes,* 321 U.S. 1, 8, 64 S.Ct. 397, 88 L.Ed. 497 (1944) (The unequal application of a statute which is fair on its face "is not a denial of equal protection unless there is shown to be present in it an element of intentional or purposeful discrimination."); *McQueary v. Blodgett,* 924 F.2d 829, 835 (9th Cir.1991) (internal quotation marks omitted) ("[A] mere demonstration of inequality [in sentencing] is not enough; the Constitution does not require *identical* treatment.  There must be an allegation of invidiousness or illegitimacy in the statutory scheme before a cognizable claim arises:  it is a settled rule that the Fourteenth Amendment guarantees equal laws, not equal results."); *Cruz v. Skelton,* 543 F.2d 86, 92-93 (5th Cir.1976) (dismissal of prisoner's equal protection claim appropriate because there was no allegation of invidious discrimination). Since the mere differential treatment referenced by Jones does not implicate a violation of the Equal Protection Clause, the complaint is due to be summarily dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that on or before February 24, 2014, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed

down prior to the close of business on September 30, 1981.

DONE, this 10th day of February, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE